129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Torey Tuesday SOUTH, Plaintiff-Appellee,
v.
James H. GOMEZ, individually and as Director of California
Dept. of Corrections, Sacramento; Arthur Calderon,
individually and as Warden for San Quentin State Prison;
Michael Pickett, individually and as Warden for the
California Medical Facility, Vacaville; Prentice,
individually and as a Medical doctor for San Quentin State
Prison, San Quentin; Tomson, individually and as a Medical
Doctor for San Quentin State Prison, San Quentin; David
Dennis Van Pelt, individually and as a Medical Doctor for
San Quentin State Prison, San Quentin; R. Campbell,
individually and as a Program Administrator for San Quentin
State Prison, San Quentin; Harold Hammond, individually and
as Correctional Counselor for San Quentin State Prison, San
Quentin; S. Donahue, individually and as Lieutenant for San
Quentin State Prison, San Quentin; D. Graham, individually
and as Lieutenant for San Quentin State Prison, San Quentin;
C.P. Graham, individually and as Chief Deputy Warden of
California Medical Facility, Vacaville; M.K. Carlson,
individually and as Program Administrator for the California
Medical Facility, Vacaville; Dan Backer, individually and
as Program Administrator for the California Medical
Facility, Vacaville; Dr. Andreason, individually and as
Chief Medical officer for the California Medical Facility,
Vacaville; A. Miller, individually and as a Correctional
Counselor for the California Medical Facility, Vacaville;
Joy Ringland, individually and as Nurse Practitioner for the
California Medical Facility, Vacaville; Stevig; Benson;
Weaver; Battalino; Duncan, Defendants-Appellants.
Torey Tuesday SOUTH, Plaintiff-Appellee,
v.
James H. GOMEZ, individually and as Director of California
Dept. of Corrections, Sacramento; Arthur Calderon,
individually and as Warden for San Quentin State Prison;
Michael Pickett, individually and as Warden for the
California Medical Facility, Vacaville; Prentice,
individually and as a Medical doctor for San Quentin State
Prison, San Quentin; Tomson, individually and as a Medical
Doctor for San Quentin State Prison, San Quentin; David
Dennis Van Pelt, individually and as a Medical Doctor for
San Quentin State Prison, San Quentin; David Dennis Van
Pelt, individually and as a Medical Doctor for San Quentin;
R. Campbell, individually and as a Program Administrator for
San Quentin State Prison, San Quentin; Harold Hammond,
individually and as Correctional Counselor for San Quentin
State Prison, San Quentin; S. Donahue, individually and as
Lieutenant for San Quentin State Prison, San Quentin; L.
Burgos, individually and as Lieutenant for San Quentin State
Prison, San Quentin; D. Graham, individually and as
Lieutenant for San Quentin State Prison, San Quentin; C.P.
Graham, individually and as Chief Deputy Warden of
California Medical Facility, Vacaville; M.K. Carlson,
individually and as Program Administrator for the California
Medical Facility, Vacaville; Dan Backer, individually and
as Program Administrator for the California Medical
Facility, Vacaville; Dr. Andreason, individually and as
Chief Medical Officer for the California Medical Facility,
Vacaville; A. Miller, individually and as a Correctional
Counselor for the California Medical Facility, Vacaville;
Joy Ringland, individually and as Nurse Practitioner for the
California Medical Facility, Vacaville; Stevig; Benson;
Weaver; Battalino; Duncan; I.M. Pappa, individually and
as Lieutenant for the California Medical Facility,
Vacaville, Defendants-Appellants,
and
Atthanassious, individually and as Chief Medical Officer for
California Medical Facility, Vacaville, Defendant.
 Nos. 97-15191, 97-15260.
 United States Court of Appeals, Ninth Circuit.
 Oct. 23, 1997.
 
 Appeal from the United States District Court for the Eastern District of California David F. Levi, District Judge, Presiding.
 Before: SNEED, SCHROEDER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James H. Gomez, Director of the California Department of Corrections ("CDC"), and other prison officials appeal the issuance and modification of a preliminary injunction requiring them to provide inmate Torey Tuesday South with female hormone therapy. We find that the district court did not abuse its discretion in issuing or modifying the preliminary injunction and affirm.
 
 
 3
 South, a 36 year old anatomical male who began taking female hormones during her teenage years, has been diagnosed with Gender Identity Disorder ("GID"). While in the custody of CDC, South was treated with hormones for eighteen months at the California Medical Facility ("CMF"). Upon transfer to the California Men's Colony ("CMC"), CMC medical staff immediately terminated South's hormone therapy without contacting South's physicians at CMF and without consulting an expert.
 
 
 4
 The grant of a preliminary injunction will be reversed only where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. Does 1-5 v. Chandler, 83 F.3d 1150, 1152 (9th Cir.1996). Decisions regarding modification of a preliminary injunction are reviewed under the same standard. ACF Indus. v. California Bd. of Equalization, 42 F.3d 1286, 1289 (9th Cir.1994).
 
 
 5
 "To obtain a preliminary injunction, a party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor." Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1376 (9th Cir.1985).
 
 
 6
 Upon review of the record, it becomes apparent that the district court did not abuse its discretion in determining that South established "a likelihood of success on the merits and that the balance of hardships tips sharply in [her] favor." At the preliminary injunction hearing, South presented uncontroverted expert testimony regarding the harm she has suffered as a result of the abrupt termination of hormone therapy. In addition, the CDC physicians that testified agreed that at least a tapering off of hormones was the appropriate course of treatment for South.
 
 
 7
 As to the district court's modification of the injunction, we also find no abuse of discretion. The court requested modification proposals from both parties. South's proposal was based on the recommendation of a recognized expert. Furthermore, the order as modified allowed for variance from the prescribed course of treatment upon the recommendation of any expert without further order of court.
 
 
 8
 We AFFIRM the district court's preliminary injunction and modification thereof.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3